UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14047-CR-MARTINEZ/LYNCH(s)(s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOE DESILIEN, JR.,

    Defendant.
_____/



FILED by _M_ D.C.

DEC 19 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON DEFENDANT DESILIEN'S MOTION TO DISMISS [D.E. #143] AND AMENDED MOTION TO DISMISS [D.E. #164]

**THIS CAUSE** having come on to be heard upon the aforementioned motions and this Court having reviewed the motions as well as the government's response and this Court otherwise being advised in the premises, makes the following recommendations to the District Court:

    1.    The Defendant is charged in a Third Superseding Indictment with conspiracy to interfere with commerce by threats or violence (robbery), in violation of Title 18, United States Code, Section 1951(a)(Count One); interfering with commerce by threats or violence (robbery), in violation of Title 18, United States Code, Section 1951(a) and 2 (Counts Four and Six); and using, carrying and possessing a firearm in furtherance of a crime of violence-brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and 2 (Counts Five and Seven).

    2.    The Defendant's motion and amended motion seek to have Counts One, Four and Six dismissed for failing to sufficiently allege that a person was robbed, that the person was employed at PNC Bank, and that the bank operated in interstate or foreign

commerce. Further, the motion and amended motion argue that Counts One, Four and Six do not allege that the person was working for the bank at the time of the robbery. The motion seeks dismissal of Counts Five and Seven as being derivative counts of Counts One, Four and Six. In other words, if Counts One, Four and Six are insufficient and are dismissed, then Counts Five and Seven being the firearm counts would necessarily have to be dismissed as well as being derivative of the underlying criminal conduct alleged in Counts One, Four and Six.

  3. The government's response asserts that the language set forth in the Third Superseding Indictment tracks the statutes cited and sufficiently puts the Defendant on notice as to what crimes with which he is being charged and must defend against. This Court has reviewed the specific allegations set forth in each of the counts being challenged by the Defendant Desilien in his motion and amended motion. This Court finds that the allegations set forth in the Third Superseding Indictment as to this Defendant are sufficient to put him on notice as to what crimes he is being charged with and must defend against. Further, the language does sufficiently track the statutes cited and the elements of the offenses charged in each count.

  4. An indictment is sufficient if it (1) presents the essential elements of the charged offense; (2) notifies the accused of the charges to be defended against; and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. <u>United States v. Woodruff</u>, 296 F.3d 1041 (11th Cir. 2002). This Court finds that as in <u>Woodruff</u>, the allegations of the Third Superseding Indictment do sufficiently put the Defendant Desilien on notice as to the

charges against him, track the language of the statute, and sufficiently allege crimes under the Hobbs Act as was done in Woodruff.

5. This Court also notes the government's assertion that in respect to a challenge to the sufficiency of an indictment, the reviewing court gives the indictment a common sense construction and determines its validity based on practical and not technical considerations. This Court agrees with that argument. It has been cited many times by the Eleventh Circuit Court of Appeals in respect to challenges to the sufficiency of indictments. United States v. McGarity, 669 F.3d 1218 (11th Cir. 2012). This Court in giving a common sense analysis to the language set forth in the challenged counts of the Third Superseding Indictment as to the Defendant Desilien, finds that the allegations are sufficient and adequately put the Defendant on notice as to the charges against which he must defend. Therefore, the Defendant's challenge to the sufficiency of the Third Superseding Indictment should be denied.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion To Dismiss [D.E. #143] and Amended Motion To Dismiss [D.E. #164] be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _19th_ day of December, 2013, at Fort Pierce, Northern Division of the Southern District of Florida.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
AUSA Carmen M. Lineberger
Randee J. Golder, Esq.
Allen S. Kaufman, Esq.