UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14047-CR-MARTINEZ/LYNCH(s)(s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOE JR DESILIEN,

    Defendant.
_____/

FILED by ___ D.C.
SEP 23 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 13-1038]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher of Ms. Golder, her letter of explanation attached thereto as well as the time records and other documentation, and this Court otherwise being advised in the premises recommends to the District Court as follows:

    1.    The CJA Administrator has adjusted the hours and amounts set forth in the CJA Voucher submitted by counsel for the Defendant. The Administrator has adjusted these to correctly reflect the time devoted to each task and the applicable hourly rate which varied during the time that the Defendant was represented by Ms. Golder.

    2.    Based upon these adjustments, the CJA Voucher seeks reimbursement of 3.7 hours of in-court time totaling $431.00. The voucher seeks reimbursement of out-of-court time of 101.2 hours totaling $11,640.80. Therefore, the total amount of attorney's fees sought as adjusted by the CJA Administrator is $12,071.80 which exceeds the statutory cap of $9,800.00. This Court notes that travel expenses in the amount of $847.70 together with copy/postage costs in the amount of $181.25 are also sought to be

reimbursed. This Court finds sufficient documentation to support Ms. Golder's requests for travel/mileage in the amount of $847.70 and copy/postage in the amount of $181.25 which should be awarded in full. Therefore, this Court will address only the attorney's fees issues further.

3. This Court has reviewed the CJA Voucher submitted by Ms. Golder as well as the attached time records and her letter of explanation. Her letter asserts that the matter is "complex" and "extended." In support thereof, Ms. Golder asserts that there were multiple bank robberies involved in the case. There was voluminous discovery. There were also "complex legal issues" regarding the wording of the Indictments. This Court notes that there were no evidentiary hearings concerning the Motions to Dismiss. This Court issued a Report and Recommendation on the final Amended Motion to Dismiss. This Court's Report and Recommendation recommending that the motion be denied was adopted by the District Court. Finally, Ms. Golder asserts that there were sentencing issues concerning the Defendant's prior criminal history which had to be addressed at sentencing.

4. This Court notes that Ms. Golder was appointed as CJA counsel on November 6, 2013 after the Defendant's initial appearance. Thereafter, there was an arraignment and Detention Hearing held on November 8, 2013. A subsequent Third Superseding Indictment was returned and the Defendant was arraigned on December 6, 2013 in respect to that Indictment. Thereafter, there were no court appearances that this Court could find. This Court conducted all pretrial court proceedings. The case resulted in a change of plea held before this Court on March 27, 2014. The District Court adopted this Court's Report and Recommendation in that regard and held a sentencing hearing on

July 14, 2014 setting forth the sentence which can be found in [D.E. #371]. As a result of the foregoing, from the date of appointment through sentencing, the case involved no more than eight months.

5. This is an administrative decision as opposed to an adversarial proceeding as delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). Additionally, it is not necessary for this Court to conduct an evidentiary hearing since this Court conducted all of the pretrial proceedings including the Defendant's change of plea hearing as referenced above.

6. The attorney's fees sought by Ms. Golder exceed the statutory cap of $9,800.00 as recently adjusted in 18 U.S.C. §3006A(d)(3). Therefore, this Court must determine whether there is sufficient justification to waive or exceed that statutory cap. In doing so, this Court must determine if the matter was "extended" or "complex" as defined in the statute and the applicable case law.

7. This Court has reviewed Ms. Golder's letter of explanation. While the case was of a serious nature, it does not meet the definition of being either "complex" or "extended" as defined in the case law which this Court must follow. This Court does not dispute that there may have been voluminous discovery in this case and some issues which had to be resolved at the time of sentencing. Nevertheless, those issues do not raise this case to the level of being "complex" or "extended."

8. This Court is guided by the definitions previously established concerning "extended" and "complex." An "extended" case is one requiring more time than normal under similar facts and circumstances. A "complex" case is defined as one involving facts so unusual as to justify the expenditure of more time, skill and effort than a normal case.

See <u>Eason v. United States</u>, 2010 WL 5575741 (S.D. Fla. 2010) and <u>United States v. Moreira</u>, 2009 WL 362095 (S.D. Fla. 2009).

9. This Court cannot in good faith find this case to be either "extended" or "complex." The case proceeded in a normal fashion. As referenced herein, there were no extensive hearings nor evidentiary issues decided by this Court nor the District Court. The case was resolved by way of entry of guilty pleas by the Defendant pursuant to a written plea agreement. Therefore, this Court finds that this case does not qualify as either extended or complex as set forth in the guidelines this Court is required to follow.

10. This Court appreciates the services which were provided by Ms. Golder. This Court must perform its function in reviewing CJA Vouchers and act as a gatekeeper to balance the entitlement of a defendant to competent representation and the ability of the court appointed counsel to be fully compensated. However, this Court must balance the right of court appointed counsel to receive adequate compensation for such representation to an indigent defendant, such as in this case, with the understanding and realization that there are limited CJA funds available in this District and nationwide for payment of such services. Congress has reduced the amount of funds for defender services nationwide over the past several years. This includes funds for the Federal Public Defender and available funds for the payment of CJA counsel. This Court must make certain that defense counsel is adequately compensated, even if it is not full compensation. Further, this Court must make certain that such amounts exceeding the statutory cap as requested herein are not paid unless there is sufficient justification under the applicable case law and statutory framework which governs this Court's review of such matters.

11. If this Court, and other courts, did not provide this gatekeeper function, the impact on the availability of CJA funds to indigent defendants in the future would be much more severe than it is under the present budgetary constraints.

12. In reducing the amount sought by Ms. Golder to the statutory cap of $9,800.00 plus travel and other expenses, this Court is not questioning in any way the tasks performed nor the time devoted to those tasks. This Court is required to merely make a determination that under the statutory framework and definitions which this Court is required to follow, that this case does not meet the definitions of either being "extended" nor "complex." By doing this, this Court is hoping to make certain that in the future there will be funds available for other indigent defendants who have not yet been arrested or charged. In other words, courts cannot deplete all of the defender services as we go along and then try to figure out a way to compensate counsel for those other indigent defendants in the future who will also need court appointed counsel.

13. As a result of the foregoing findings, Ms. Golder's recovery of attorney's fees is limited to the statutory cap of $9,800.00 plus travel expenses in the amount of $847.70 and other expenses in the amount of $181.25, for a total sum of $10,828.95.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 13-1038 be **GRANTED** insofar as Ms. Golder be awarded the statutory maximum of $9,800.00 as reasonable attorney's fees together with travel expenses in the amount of $847.70 and other expenses in the amount of $181.25, for a total sum of $10,828.95.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal

Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _22_ day of September, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Randee J. Golder, Esq.
Lucy Lara, CJA Administrator